IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ANN D. HATFIELD, in her capacity as Trustee of The Ted H. Hatfield Trust. | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | No. 4:23-CV-0756-DGK |
| HGC, Inc., d/b/a Hatfield Gun Company, and a/k/a, f/k/a, and/or successor in interest to any or all of the following: Hatfield Gun Company Ltd.; HGC, Ltd.; and/or Hatfield Gun Company LLC, | ) ) ) ) ) ) ) | |
| Defendant. | ) | |

## ORDER REGARDING DISCOVERY DISPUTE

This lawsuit concerns who owns a trademark. Plaintiff Ann Hatfield as a Trustee of the Ted H. Hatfield Trust, claims that Ted H. Hatfield registered and owned the trademark in question, and that he permitted Defendant HGC, Inc. ("HGC") to use the trademark, then in 2021 he assigned the trademark to Plaintiff. Plaintiff contends it subsequently revoked HGC's permission to use the mark, but HGC continues to use it. In its answer, HGC denies the allegations and requests the Court declare that Plaintiff does not own the mark.

Now before the Court is a discovery dispute concerning HGC's initial disclosures, and HGC's answers to Plaintiff's first interrogatories and requests for production of documents. Also before the Court are the two memorandum each party filed to explain the dispute to the Court. ECF Nos 37–38, 41–42. After reviewing the memos, the Court holds a teleconference is not necessary and rules on the existing record.

The background to this dispute is as follows. HGC's initial disclosures were due May 1, 2024. It provided two documents by that date, and subsequently produced ten more. HGC's

discovery responses were due May 8, 2024, but HGC did not request an extension of time or provide any written responses until May 16, the day before the teleconference, when its reply memo was due.[1]

Plaintiff's initial memo notes that while HGC has provided twelve documents, its Rule 26(a) initial disclosures identified four *categories* of documents in its possession or control which it would be used to supports its claims or defenses. The description of these categories of documents leads Plaintiff to believe HGC has many more responsive documents in its possession that it has not provided. As for discovery responses, Plaintiff did not receive written responses until the day before this teleconference, well after the deadline to respond or request an extension of time.

Plaintiff asks the Court to order HGC to (1) produce all documents identified in its Initial Disclosures, (2) serve full answers to Plaintiff's interrogatories and document requests, and (3) produce all documents responsive to its first request for production of documents by June 3, 2024. Additionally, because HGC failed to respond or seek an extension of time within the thirty days permitted to answer, Plaintiff asks the Court to deem all HGC's objections to Plaintiff's interrogatories and document requests waived, such that full answers, responses, and productions are required. Plaintiff supports this request with citation to the relevant rule and persuasive Eighth Circuit caselaw.

In its memo, HGC states it did not respond to Plaintiff's interrogatories because "the only person that can verify the information is Mr. Mehmet Guzeldere" [HGC's owner] who "has a life-threatening health issue and is in Turkey for treatment per medical advice." Def.'s Memo. at 1, ECF No. 37. "Counsel hopes to have his verification of the proposed responses before this

---

[1] Literally minutes before the May 16 deadline to file a reply memo for the upcoming teleconference, HGC filed certificates of service indicating it had responded to Plaintiff's discovery requests.

Court's teleconference on May 17, 2024. Defense counsel is authorized to share greater details of Mr. Guzeldere's health with this Court at that time. Plaintiff's counsel has been kept informed of Mr. Guzeldere's health." *Id*.

As for the sparse document production, HGC states it "has produced responsive documents and continues to do so. Defendant can only produce what exists. Plaintiff apparently believes that there should be hundreds if not thousands of potentially responsive documents. There are not." *Id*. HGC also suggests it has not turned over other documents or answered certain interrogatories because the information is HGC's competitive trade secret information, and the current protective order should be modified before HGC provides this information.[2]

In its reply memo, HGC notes it "served written responses/answers to Plaintiff's first set of interrogatories and its third set of documents to Plaintiff today." Def.'s Reply Memo. at 1, ECF No. 42. But the interrogatory responses do not comply with Fed. R. Civ. P. 33(b)(1) or 33(b)(5) since they are unsigned and do not identify who provided these answers. Conscious of this patent deficiency, HGC explains, "The only person that can verify the information sought is Mr. Mehmet Guzeldere" who is in Turkey for medical treatment, but "[h]e hopes to return to this country at the end of July." *Id*. "In Mr. Guzeldere's absence, documents have been collected by a consultant or Defendant's other Director. Neither possesses Mr. Guzeldere's knowledge." *Id*. HGC asserts, without citing any legal authority, that these circumstances excuse its delay in responding. HGC provides no explanation why it did not simply request an extension of time.

The Court rules as follows.

---

[2] Alternately, HGC suggests this competitive trade secret information should not be produced to Plaintiff "until after the ownership of HGC, Inc. [the Defendant] is determined." *Id*. at 2. The Court notes, however, that in its response to Plaintiff's interrogatories served on May 16, HGC identified its ownership, thus this argument is moot.

The Court finds HGC's initial disclosures suggests it has many more responsive documents in its possession that it has not provided, and the agreed-upon deadline to provide these documents has passed. The interrogatory responses are also inexcusably late and unverified. The Court is not persuaded that Mr. Guzeldere is the only person who could have provided the information sought and verified it. It appears several other persons connected with HGC could have provided most, if not all, of this information. Further, Plaintiff never moved for an extension of time. As for HGC's failure to provide more documents responsive to the request for production, all its objections are unpersuasive and untimely. For example, less than one month ago, it stipulated to the protective order it now complains is insufficient, and it never moved to amend the protective order.

Accordingly, the Court grants Plaintiff's request in full.

The Court ORDERS HGC to: (1) produce all documents identified in its Initial Disclosures by June 3, 2024; (2) serve full answers to Plaintiff's first interrogatories by June 3, 2024; and (3) produce all documents responsive to Plaintiff's first request for production of documents by June 3, 2024. All of HGC's objections to Plaintiff's interrogatories and document requests are waived because HGC has not shown good cause for failing to make them in a timely matter. *See* Fed. R. Civ. P. 33(b)(2) (requiring interrogatory answers within 30 days); 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure"); 37(b)(2) (permitting court to "issue further just orders"); *Parshall v. Menard, Inc.*, No. 4:16-CV-828, 2016 WL 7188125 *1–2 (E.D. Mo. 2016) (deeming objections waived and applying Rule 33(b)(4) principle to Rule 34 requests); *Cargill, Inc. v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421, 424 (D. Minn. 2012) (deeming objections waived; collecting cases). Full answers, responses, and productions are required.

**IT IS SO ORDERED.**

Date:   May 20, 2024              /s/ Greg Kays
                                  GREG KAYS, JUDGE
                                  UNITED STATES DISTRICT COURT