**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| ANN D. HATFIELD, in her capacity as | ) | |
| Trustee of The Ted H. Hatfield Trust, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-CV-0756-DGK |
| | ) | |
| HGC, Inc., d/b/a Hatfield Gun Company, | ) | |
| and a/k/a, f/k/a, and/or successor in interest to | ) | |
| any or all of the following: | ) | |
| Hatfield Gun Company Ltd.; HGC, Ltd.; | ) | |
| and/or Hatfield Gun Company LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER IMPOSING RULE 37 SANCTIONS ON DEFENDANT</u>

This lawsuit concerns the ownership of a trademark.   Plaintiff Ann Hatfield, as a Trustee of the Ted H. Hatfield Trust, claims that her late husband Ted H. Hatfield registered and owned the trademark in question, that he permitted Defendant HGC, Inc. ("HGC") to use the trademark, and then in 2021 he assigned the trademark to the Ted H. Hatfield Trust.   Plaintiff contends the Trust subsequently revoked Defendant's permission to use the mark, but Defendant continues to use it.   In its answer, Defendant denies the allegations and requests the Court declare that the Trust does not own the mark.

On May 20, 2024, the Court issued its ruling on a discovery dispute between the parties. The Court granted Plaintiff's request for discovery documents and Plaintiff's request to order Defendant to serve full answers to certain interrogatories.   The Court ordered Defendant to comply with the Order by June 3, 2024.

Defendant's subsequent responses were halting and incomplete; they did not come close to complying with the May 20 Order.

Now before the Court is Plaintiff's unopposed Motion to Compel, ECF No. 47, in which Plaintiff seeks an order pursuant to Rule 37 (1) imposing a $15,000 monetary sanction on Defendant; (2) requiring Defendant to serve written responses to Plaintiff's first set of requests for production within 14 calendar days; and (3) requiring Defendant to comply fully with all parts of the Court's May 20 Order. Defendant has not responded to the motion, and its time to file a response (or seek an extension of time to respond) expired July 9, 2024. In fact, the apparent sole shareholder and decisionmaker for Defendant, Mr. Mehmet Guzeldere, has left the country for Türkiye, where he has dual citizenship, with no foreseeable return date.

Because Plaintiff has demonstrated that Defendant willfully violated the Court's May 20 Order compelling discovery and that Plaintiff has been prejudiced by the willful failure to comply with the Order, the motion is GRANTED.

**STANDARD**

Rule 37 provides that a district court may impose sanctions on any party that "fails to obey an order to provide or permit discovery." *See* Fed. R. Civ. P. 37(b)(2); *see also* Fed. R. Civ. P. 37(d)(1)(A) ("The court where the action is pending may, on motion, order sanctions if . . . a party, after being properly served with interrogatories under Rule 33 . . . fails to serve its answers, objections, or written response.") In addition, "Rule 37(b) provides comprehensively for sanctions for failure to obey discovery orders." *Fox v. Studebaker-Worthington, Inc.*, 516 F.2d 989, 994 (8th Cir. 1975); *see also Tarvisium Holdings, LLC v. Dukat, LLC*, No. 4:19-CV-0086-DGK, 2020 WL 130587, at *2 (W.D. Mo. Jan. 10, 2020) (noting "a district court has wide discretion to impose sanctions for a party's failure to comply with discovery requests") (internal citations and

quotations omitted). This includes the authority to award monetary sanctions against a party. *See* Fed. R. Civ. P. 37(b)(2).

To justify the imposition of sanctions, Rule 37 requires: (1) a court order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party from the violation. *Baker v. General Motors Corp.*, 86 F.3d 811, 816 (8th Cir. 1996); *see also KC Ravens, LLC v. Micah Energy Corp.*, No. 4:13-00870-CV-DGK, 2014 WL 12623661, at *1 (W.D. Mo. Dec. 19, 2014) (citing *Sentis Grp, Inc. v. Shell Oil Co.*, 559 F.3d 888, 899 (8th Cir. 2009)).

In this case, on May 20, 2024, the Court ordered Defendant to:

> (1) produce all documents identified in its Initial Disclosures by June 3, 2024; (2) serve full answers to Plaintiff's first interrogatories by June 3, 2024; and (3) produce all documents responsive to Plaintiff's first request for production of documents by June 3, 2024. All of HGC's objections to Plaintiff's interrogatories and document requests are waived because HGC has not shown good cause for failing to make them in a timely matter. *See* Fed. R. Civ. P. 33(b)(2) (requiring interrogatory answers within 30 days); 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure"); 37(b)(2) (permitting court to "issue further just orders"); *Parshall v. Menard, Inc.*, No. 4:16-CV-828, 2016 WL 7188125 *1–2 (E.D. Mo. 2016) (deeming objections waived and applying Rule 33(b)(4) principle to Rule 34 requests); *Cargill, Inc. v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421, 424 (D. Minn. 2012) (deeming objections waived; collecting cases). Full answers, responses, and productions are required.

Order at 4, ECF No. 44. The next day, Plaintiff's counsel wrote to counsel for Defendant specifically identifying what it believed the Court's Order required. Defendant did not seek clarification on any aspect of the May 20 Order, nor did it challenge any representation in Plaintiff's counsel's May 21 letter.

On June 3, Defendant produced another 148 documents and served supplemental (but still unverified) interrogatory responses.

This production was woefully incomplete. Comparing the 148 documents to the roughly four categories of documents Defendant identified in its initial disclosures, Defendant's latest production supplied: (1) nothing related to the ownership and assignment of the Hatfield mark, meaning Defendant has produced only two documents on this subject, both of which were publicly available from the United States Patent & Trademark Office website; (2) Defendant produced some documents related to the employment and payment of Ted Hatfield by Defendant, including documents confirming his 30% member distributions—but nothing else relating to his employment; (3) a few documents related to the founding, corporate structure, and ownership of Defendant, such as documents regarding Mr. Guzeldere's stake in HGC and a related company, but essentially nothing on HGC's founding or corporate structure; and (4) no documents relating to Ted Hatfield's position and role at HGC. Additionally, Defendant has still not served written responses to Plaintiff's first set of requests for production. Finally, Defendant has not produced a single email or text message, nor has it produced a single document that might otherwise be included on a privilege log.

Applying the law to the facts of this case, the Court rules as follows.

First, the Court issued an order on May 20, 2024, compelling discovery.

Second, Defendant willfully violated this order. This finding is consistent with Defendant's behavior throughout the short history of this litigation. With respect to Defendant's limited production of documents it identified in its initial disclosures, and total lack of production of emails or text messages, it is a certainty that many more documents exist that Defendant should have produced. Further, no persuasive innocent explanation exists for why Defendant has still not served written responses to Plaintiff's first request for production. Indeed, Defendant has not even attempted to offer one.

Third and finally, Plaintiff has been prejudiced by Defendant's non-compliance. Defendant's failure to comply with the Court's discovery order has hindered Plaintiff's ability to gather evidence for its claims and explore and overcome any defense Defendant might have. Indeed, Defendant's actions have successfully—and unfairly—thwarted Plaintiff's attempt to understand some of the most basic things needed to pursue its case, such as Defendant's corporate structure and value. Defendant's behavior has also increased Plaintiff's mediation costs and limited the efficacy of the mediation itself; increased Plaintiff's litigation costs due to repeated attempts to secure compliance; and unfairly delayed a resolution in this case.

Given the circumstances, Plaintiff's requested monetary sanctions of $15,000 is eminently reasonable. Even without reviewing time records, the Court is confident this amount is less than the value of Plaintiff's counsel's time that Defendant has wasted to date. It is also a less-than-merited punishment for the brazen noncompliance Defendant has demonstrated thus far.

Accordingly, the Court GRANTS Plaintiff's motion in full. The Court (1) imposes a $15,000 monetary sanction on Defendant to be paid within 30 calendar days; (2) orders Defendant to serve written responses to Plaintiff's first set of requests for production within 14 calendar days; and (3) orders Defendant to comply fully with all parts of the Court's May 20, 2024, Order on or before July 31, 2024.

Finally, the Court cautions that failure to comply with all parts of this Order issued today may result in the Court imposing additional sanctions, up to and including striking Defendant's pleadings.

**IT IS SO ORDERED.**

Date:   July 17, 2024         /s/ Greg Kays
                              GREG KAYS, JUDGE
                              UNITED STATES DISTRICT COURT

5