# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| ANN D. HATFIELD, in her capacity as Trustee of The Ted H. Hatfield Trust, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:23-cv-00756-DGK |
| HGC, Inc., *d/b/a* Hatfield Gun Company, and a/k/a, f/k/a, and/or successor in interest to any or all the following: Hatfield Gun Company Ltd.; HGC, Ltd.; and/or Hatfield Gun Company LLC | ) ) ) ) ) ) | |
| Defendant. | ) | |

## ORDER GRANTING MOTION FOR SANCTIONS

This lawsuit concerns ownership of a trademark. Plaintiff Ann Hatfield, as a Trustee of the Ted H. Hatfield Trust, claims that Ted H. Hatfield registered and owned the trademark in question. He permitted Defendant HGC, Inc. ("HGC") to use the trademark, then in 2021 he assigned the trademark to Plaintiff. Plaintiff contends it subsequently revoked HGC's permission to use the mark, but HGC continues to use it.

On May 20, 2024, the Court ruled in Plaintiff's favor on a series of discovery disputes. Order, ECF No. 44. As part of its ruling, the Court ordered HGC to: (1) produce all documents identified in its Initial Disclosures by June 3, 2024; (2) serve full answers to Plaintiff's first interrogatories by June 3, 2024; and (3) produce all documents responsive to Plaintiff's first request for production of documents by June 3, 2024. HGC did not fully comply with this order, and on June 25, 2024, Plaintiff filed a motion to compel. ECF NO. 47.

On July 17, 2024, the Court granted Plaintiff's motion to compel. ECF No. 50. The Order (1) imposed a $15,000 monetary sanction to be paid within thirty days, (2) ordered HGC to serve written responses to Plaintiff's first set of requests for production within fourteen days, and (3) ordered Defendant to fully comply with all parts of the Court's May 20, 2024, Order on or before July 31, 2024. The Court also warned HGC "that failure to comply with all parts of this Order issued today may result in the Court imposing additional sanctions, up to and including striking Defendant's pleadings." Order at 5.

Now before the Court is Plaintiff's Motion for Sanctions brought pursuant to Rule 37. ECF No. 51. Plaintiff reports that HGC has not complied with any portion of the July 17 Order and has ceased communicating with Plaintiff's counsel. Suggestions in Supp. at 2, ECF No. 52. Plaintiff now seeks additional sanctions, specifically that the Court strike HGC's pleadings, impose an additional monetary sanction of $10,000, and allow Plaintiff forty-five days to submit a motion for default judgment, including presenting the Court with a damages amount.

The Court finds HGC's response to the pending motion for sanctions to was due September 3, 2024. HGC has filed no response, nor has it requested an extension of time. The Court also finds Defendant HGC has failed to comply with two orders of this Court, specifically the Order dated May 20, 2024, and the subsequent Order dated July 17, 2024. HGC has failed to serve complete discovery responses, produce the required documents, and pay the previously imposed sanction of $15,000. HGC has also failed to communicate with the Court or Plaintiff's counsel regarding its obligations. The Court concludes HGC has willfully disregarded this Court's orders.

The Court GRANTS Plaintiff's pending Motion for Sanctions in full. It is hereby ordered that:

1. Defendant's pleadings are hereby stricken.

2. Defendant is ordered to pay an additional monetary sanction of $10,000, bringing the total sanctions to $25,000.

3. Plaintiff is granted 45 days from the date of this Order to submit a motion for default judgment, including any supporting documentation.

**IT IS SO ORDERED.**

Date: November 15, 2024

/s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT